UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ESCALANTE,<br><br>                        Petitioner,<br>v.<br><br>JEFFREY BEARD, Secretary,<br><br>                        Respondent. | Case No. 3:15-cv-02514-JAH-NLS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 13] AND GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 9] |

BACKGROUND

Petitioner, Angel Escalante, a state prisoner proceeding pro se, originally filed his federal Petition for Writ of Habeas Corpus on October 12, 2015 pursuant to 28 U.S.C. § 2254. Doc. No. 1. In his Petition, Escalante alleges that he was erroneously denied relief to file a petition for review by the California Supreme Court in violation of his Fourteenth and Sixth Amendment rights. Id. at pgs. 9-11. Specifically, Petitioner contends the California Supreme Court violated his Fourteenth Amendment due process rights by barring his Petition on statute of limitations grounds. Id. at pg. 9. Petitioner also contends his Sixth and Fourteenth Amendment rights were violated when the Court denied his motion for a new trial because there was insufficient evidence to convict Petitioner as an aider and abettor or to find gang-related enhancements. Id. at pg. 10. In addition, Petitioner claims his rights were violated when the trial court instructed the jury that it

could convict him under the natural and probable consequences doctrine. Id. at pg. 11.

On December 23, 2015 Respondent filed a motion to dismiss the Petition for Writ of Habeas Corpus Doc. No. 9. The Respondent argues that the petition must be barred by the statute of limitations and dismissed with prejudice. Id. at pg. 11. Specifically, Respondent contends the Petitioner is not entitled to statutory tolling because he did not properly file for review. Id. at pgs. 12-13. Also, the Respondent asserts that no alternate start date of Petitioner's original file date exists because there was no state impediment, newly recognized constitutional right, or any factual predicate. Id. at pgs. 13-15. In addition, Respondent argues Petitioner is not entitled to equitable tolling because he did not diligently pursue his claims. Id. at pgs. 15-19. Finally, Respondent argues there is no new evidence sufficient enough to support Petitioner's actual innocence assertion. Id. at pgs. 19-22. Plaintiff did not file an opposition or otherwise respond to the motion.

On June 2, 2016, the Honorable Nita L. Stormes, United States Magistrate Judge, issued a report and recommendation ("Report") addressing the motion and recommending this Court grant Respondent's motion to dismiss the Petition and dismiss the Petition with prejudice. Doc. No. 13 at pg. 14. Objections to the Report were due by June 16, 2016. Ibid. Petitioner filed a letter which the Court construes as an objection to the Report on August 25, 2016. Doc. No. 14. The letter indicates that lawyers visited Petitioner to learn about his equitable tolling claims due to his previous attorney's conduct. Id. Petitioner was also informed that three other federal petitions exist due to his former attorney's negligent conduct. Id.

After careful consideration of the pleadings and relevant exhibits submitted and for the reasons set forth below, this Court ADOPTS the magistrate judge's Report and GRANTS Respondent's motion to dismiss.

## DISCUSSION

I.   Legal Standard

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall

make a de novo determination of those portions of the report…to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests. See Fed. R. Civ. P. 72(b). It is well-settled, under Rule 72(b), that a district court may adopt those portions of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985).

II.  Analysis

  a. Statute of Limitations

Judge Stormes found a one year statute of limitations applied to Petitioner's federal habeas corpus petition as Petitioner was confined as a result of a state court judgment pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Doc. No. 13 at pg. 6. Pursuant to 28 U.S.C. § 2244(d)(1)(A), the limitation period shall run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The Court adopts the magistrate judge's finding as it is not clearly erroneous.

  b. Commencement of the Statutory Period

Judge Stormes found that the latest start date was the date Escalante's judgment became final upon expiration of the time for him to seek such review and no later date would apply. Doc. No. 13 at pgs. 5-7. Escalante does not raise any claim or assertion that the State created an impediment to the filing of the Petition, thus no later start date under § 2244(d)(1)(B) would apply.

Distinguishing People v. Chiu, 59 Cal. 4th 155 (2014), Judge Stormes clarified that § 2244(d)(1)(C) only applies to newly recognized rights that have been retroactively applied by the United States Supreme Court. Id. at pg. 7. Escalante contends that his start date is exempt under § 2244(d)(1)(D) due to his counsel's inactions. Doc. No. 1 at pgs. 1-3. However, the magistrate judge agreed with Respondent that Escalante's argument

regarding his private counsel's inactions is more appropriately analyzed under whether equitable tolling should apply. Doc. No. 13 at pgs. 7-8. Accordingly, Judge Stormes found the appropriate start date for analyzing the one-year statute of limitations is the date Esclante's judgment became final upon expiration of the time for him to seek review under § 2244(d)(1)(A). Id. at pg. 8. The Court finds the Report's analysis is not clearly erroneous and adopts the findings of the magistrate judge.

### c. Statutory Tolling

Judge Stormes found the Petition untimely as Esclante filed it almost twelve-and-a-half years after his court of appeal opinion became final. Ibid. Escalante did not file for review in the California Supreme Court, so statutory tolling would not apply under 28 U.S.C. § 2244(d)(2). Ibid. The court noted that, even if Escalante's earliest filing date of February 16, 2012, were used to calculate potential tolling, nearly nine years have passed from the final judgment date[1]. Ibid; Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Escalante did not file his state habeas corpus petition until January 4, 2015, yet Petitioner's untimely petition does not reinitiate the limitations period once it has already run. Id. at pg. 9. Thus, the magistrate judge found that statutory tolling does not apply to deem Escalante's Petition timely. Ibid. The Court finds the Report's analysis is not clearly erroneous and adopts the findings of the magistrate judge.

### d. Equitable Tolling

Lastly, Judge Stormes found Escalante was entitled to equitable tolling from 2003 through 2010 due to his private counsel's egregious misconduct. Id. at pgs. 10-11. However, the magistrate judge also found Escalante was not diligent in pursuing his rights after the tolling period. Id. at pg. 12. In addition, the magistrate judge did not find any extraordinary circumstance restrained Escalante from filing his habeas petitions. Ibid. Thus, the magistrate judge found there was not sufficient equitable tolling to deem Escalante's petition timely. Id. at pg. 13. The Court finds Petitioner's letter does not alter the magistrate judge's analysis as Petitioner was credited seven years due to equitable

---

[1] The magistrate judge highlighted that it is unclear whether Escalante's February 16, 2012 filing constituted an application to seek post-conviction relief as Petitioner only sought the return of his case file.

tolling. Therefore, the Court finds the Report's analysis is not clearly erroneous and adopts the findings of the magistrate judge.

e. Equitable Exception Based on An Actual Innocence Claim

Judge Stormes found Escalante did not point to any new, reliable evidence to consider in support of his claim of actual innocence, and no such evidence is contained in the Petition. Id. at pgs. 13-14. Thus, the magistrate judge concluded that Escalante failed to make a sufficient showing to be entitled to such an exception. Id. at pgs. 13-14. The Court finds the Report's analysis is not clearly erroneous and adopts the findings of the magistrate judge.

The court received no objections to the Report. The Court conducted a de novo review, independently reviewing the Report and all relevant papers submitted by both parties, and finds the Report provides a cogent analysis of the issues presented in the motion.

CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED:

1. The finding and conclusions of the magistrate judge presented in the Report (Doc. No. 13.) are ADOPTED in the entirety;

2. Respondent's Motion to Dismiss (Doc. No. 9) is GRANTED;

3. The Petition For Writ of Habeas Corpus (Doc. No. 1) is DISMISSED WITH PREJUDICE.

DATED: September 7, 2016

_____
JOHN A. HOUSTON
United States District Judge